UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:  **Denise A. Fillmore**   ,                                                              Case No. **16-13889**
　　　　　　　　Debtor                                                                                        Chapter _____13_____

# CHAPTER 13 PLAN (First Amendment)

1. Payments to the Trustee:  The future earnings or other future income of the Debtor are submitted to the supervision and control of the trustee.  The Debtor (or the Debtor's employer) shall pay to the trustee the sum of  **$462.65**  per month for sixty (60) months of the plan

Total of plan payments:              **$27,758.50**

2. Plan Length: This plan is estimated to be for **Sixty** (**60) months**.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as shown.  Payments towards deficiencies on undersecured claims are listed with the Unsecured Claims.  Payments towards arrearages on fully secured claims are listed under Arrearages.  Please note that, inasmuch as the monthly payments to a mortgage company may include escrow amounts for property taxes, association fees, insurance etc., the mortgage may not be paid in full over the life of the plan.  In that event, the Plan shall not be construed as to pay the mortgage "only" the amount listed below.  Unless otherwise noted, post-petition payments shall be made outside the plan until the loan is paid in full. If the debtor(s) is attempting a "cram down" that intention will be specifically noted in the plan.  Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligators") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows in the following order:

   a. Administrative Expenses
      (1) Trustee's Fee:  Not more than 10% as is allowed under the Bankruptcy Code.
      (2) Attorney's Fee: **500.00**
      (3) Filing Fee (unpaid portion): **NONE**

   b. Priority Claims under 11 U.S.C. § 507
               Name                                                                                                Amount of Claim

      **Internal Revenue Service**                                                                  **$12,580.34**
      (Tax Years 2011 and 2012 income tax)

   c. Secured Claims

      (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

| Name | Allowed Secured Claim | Monthly Payment (if fixed) | Interest Rate (If specified) |
|---|---|---|---|
| **Hatfield Twp.**<br>(2015 and 2016 Real Estate Taxes) | **$1,614.70** | N/A | N/A |
| **Montgomery County Tax Claim Bureau**<br>(2014 and 2015 School / County Real Estate Taxes) | **$ 4,296.47** | N/A | N/A |

      (2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |

**NONE**

   (3) Property to Be Surrendered to Secured Creditor(s):

| Name | Description of Property |

**NONE**

  d.  Unsecured Claims

   (1)  Special Non-priority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim |

**NONE**

   (2)  General Non-priority Unsecured: Other unsecured debts that have filed claims in a timely manner by the proof of claim bar date shall be paid an **amount equal to the non-exempt equity in Debtor's personal property ($5,991.14)** after all administrative, priority and/or secured claims are paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by trustee:

| Creditor | Amount of Default to be Cured |

    **N/A**

6. The Debtor shall make regular post-petition payments directly to the following creditors outside of the Plan**.**

    **N/A**

7. The employer on whom the Court will be requested to order payment withheld from earnings is:

    **NONE**: Payments to be made directly by debtor without wage deduction.

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |

    **NONE**

9. Title to Debtor's property shall revest in the debtor on confirmation of a plan.

10. As used herein, the term "Debtor" shall include both debtors in a joint case.

Date:   **January 26, 2017**                                    */s/Denise A. Fillmore*
                                                                                      Denise A. Fillmore, Debtor